[Civ. No. 21377. Third Dist. Mar. 3, 1983.]

JACK J. FEDERER et al., Plaintiffs and Appellants, v.
COUNTY OF SACRAMENTO, Defendant and Respondent.

COUNSEL

Nathaniel S. Colley, Sr., for Plaintiffs and Appellants.

Bolling, Walter & Gawthrop, Donald S. Walter and George E. Murphy for Defendant and Respondent.

OPINION

**PUGLIA, P. J.**—Plaintiffs appeal from an order sustaining without leave to amend the demurrer of defendant Sacramento County to the first amended complaint. In addition to the county, the first amended complaint names as defendants Sheriff Duane Lowe and six fictitious defendants, four of whom are alleged to be deputy sheriffs.

As it appears that no judgment of dismissal was entered and the parties treat the appeal as properly before us, we shall obviate unnecessary prolongation of these proceedings by deeming the order sustaining demurrer to incorporate a judgment of dismissal and interpreting plaintiffs' notice of appeal as applying to such dismissal. (*Bellah* v. *Greenson* (1978) 81 Cal.App.3d 614, 618, fn. 1 [146 Cal.Rptr. 535, 17 A.L.R.4th 1118].)

On appeal, plaintiffs argue the legal sufficiency of the first amended complaint to which the demurrer was sustained. No contention is made that the trial court abused discretion in denying leave to amend. Since we find the complaint insufficient as a matter of law, we shall affirm the judgment of dismissal.

The first amended complaint alleges that plaintiffs are the children of Kenneth Federer who was killed by escapees from a Sacramento County jail on December 17, 1970, after defendant's employees negligently left a jail door open and allowed the escapees, two violence-prone inmates, to abscond. The theory of liability is premised on 42 United States Code section 1983, which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

■ Although counties are included among those "persons" to whom 42 United States Code section 1983 applies (*Monell* v. *New York City Dept. of Social Services* (1978) 436 U.S. 658, 690 [56 L.Ed.2d 611, 635, 98 S.Ct. 2018]), a county is not liable under this section unless the activity alleged to cause an unconstitutional deprivation implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. (*Ibid.*; *Taylor* v. *Mitzel* (1978) 82 Cal.App.3d 665, 672 [147 Cal.Rptr. 323].) No such allegation is made.

To the contrary, it is admitted that the alleged act of negligence proximately causing plaintiffs' damage was in *violation* of state policy. Thus, the first amended complaint alleges, "That on or about December 17, 1970, defendants DUANE LOWE, DOE ONE, DOE TWO and DOE THREE and SACRAMENTO COUNTY negligently left a prison or jail door open and allowed two violence-proned [*sic*] inmates to escape from said jail facility, in disregard for the right of innocent persons in the general area to be free from violent assault by such persons." As appears, the act causing injury was allegedly a product of negligence, not the execution of official policy or procedure. In their opening brief, plaintiffs acknowledge the obvious: "This . . . is a case of a deputy sheriff being negligent in carrying out a *state procedure* of locking doors to jails in which violence-proned [*sic*] prisoners are housed." (Italics added.) The admission in plaintiffs' brief that the alleged negligent act was contrary to state procedure is the equivalent of a concession which, in conjunction with failure to allege violation of official county policy, controls the disposition of the case. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 428, p. 4394.)

It is clear that the doctrine of respondeat superior has no application in suits such as this; a governmental entity is not liable solely because it employs a tortfeasor (*Monell, supra,* 436 U.S. at p. 691 [56 L.Ed.2d at p. 636]). Rather a local governing body is liable under 42 United States Code section 1983 only when, through its agents or employees, it implements or executes official

policy resulting in a constitutional deprivation (*ibid.*). *Parratt* v. *Taylor* (1981) 451 U.S. 527 [68 L.Ed.2d 420, 101 S.Ct. 1908], does not renounce or modify this principle. Indeed, in that case, an action not against a governmental entity but against individual state officials, the court cited with approval its *Monell* decision for the proposition which we find dispositive here (*Parratt, supra,* at p. 537, fn. 3 [68 L.Ed.2d at p. 429, fn. 3]).

The order sustaining the demurrer without leave to amend is modified by adding thereto an order dismissing the action. The judgment of dismissal is affirmed.

Regan, J., and Sparks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 28, 1983. Richardson, J., did not participate therein. Bird, C. J., and Mosk, J. were of the opinion that the petition should be granted.