Filed 9/30/16  Coleman v. Pasadena City CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COL. ARTHUR COLEMAN, | B265771, B266939 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC063129) |
| v. | |
| PASADENA CITY et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Donna Fields Goldstein, Judge.  Affirmed as modified.

Col. Arthur Coleman, in pro. per., for Plaintiff and Appellant.

Michele Beal Bagneris, City Attorney, and Frank L. Rhemrev, Assistant City Attorney, for Defendants and Respondents City of Pasadena and Bill Bogaard.

Musick, Peeler & Garrett, Barbora Pulmanova and Kiersten A. Wiens for Defendants and Respondents Passageway Organization, Susan Mandel and Steve Danon.

_____

Col. Arthur Coleman (Coleman) appeals in pro. per. from the trial court's granting of a demurrer without leave to amend and dismissing his first amended complaint against the City of Pasadena and other defendants. "[T]he rules of civil procedure must apply equally to parties represented by counsel and those who forego attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) We have carefully considered each of Coleman's arguments, and we affirm.

## BACKGROUND

On March 16, 2015, Coleman filed a handwritten first amended complaint naming as defendants "Pasadena City, Public Entity, Bill Bogaard, Mayor, Passageway Organization, Susan Mandel, President, Steve Danon, Director." The original complaint, filed November 17, 2014, is not in the record on appeal. Coleman alleged that the City of Pasadena and Mayor Bill Bogaard (hereafter, the City) issued a business license to Passageway Organization (Passageway), requiring it to "function fair under business practice with all client, customer and citizen." (Underscore omitted.) On November 6, 2013, a Passageway associate received a "properly cordial" letter Coleman had mailed "in a custom graphic created envelope." Steve Danon (Danon), Passageway's director, told Coleman the envelope was "beyond modern society acceptance and must be wrong or negative or immoral," and "only a white color envelope was to be used in future for correspondence to Passageway," or Coleman would be denied all services. Danon directed Passageway's intake coordinator to tell Coleman he would be denied services for ten business days. The City was responsible for safeguarding Coleman's personal property rights and civil rights, and failed to do so or to investigate. Coleman had filed a claim with the City on May 13, 2014. Coleman alleged causes of action for "business establishment discrimination," "gross negligence or negligence," emotional distress, conspiracy, "respondent superior," and revocation of professional license. (Underscore omitted.) Coleman demanded "three hundred trillion dollars" in damages and "nine trillion dollars" in punitive damages.

2

Passageway and Danon (collectively, Passageway) filed a demurrer to the first amended complaint. The City also filed a demurrer, which is not in the record on appeal. Susan Mandel (Mandel) filed a demurrer.

On June 19, 2015, the trial court sustained the City's demurrer without leave to amend, and entered a judgment of dismissal on July 10, 2015. The City had no governmental tort liability because no statute established that the City had a duty to Coleman based on the issuance of a business license to Passageway. On July 17, 2015, the court sustained the Passageway demurrer without leave to amend. A judgment of dismissal as to Passageway was filed on August 7, 2015. On August 21, 2015, the trial court denied Coleman's motion for reconsideration of its order sustaining Passageway's demurrer. On August 28, 2015, the trial court sustained Mandel's demurrer without leave to amend.

Coleman filed two notices of appeal, the first on July 24, 2015 from the June 19, 2015 order sustaining the City's demurrer, and the second on September 8, 2015, from the August 28, 2015 order sustaining Mandel's demurrer, and the appeals were separately briefed.[1] We consolidated the two appeals for argument and disposition. On September 21, 2016, Coleman thoroughly argued his positions before this court.

---

[1] In his first notice of appeal, Coleman purported to appeal from the judgment of dismissal after an order sustaining the City's demurrer, but listed the order appealed from as the June 19, 2015 order sustaining the City's demurrer without leave to amend. The latter order alone is not appealable: "[A]ppeal must be taken from the ensuing order (judgment) of dismissal." (*Hebert v. Los Angeles Raiders* (1991) 23 Cal.App.4th 414, 418, fn. 1.) A judgment of dismissal as to the City was entered on July 10, 2015, before Coleman filed the notice of appeal, and so "[c]onstruing the notice of appeal liberally in favor of its sufficiency [citation], we interpret it to apply to the appealable judgment rather than the nonappealable order[]." (*Ibid.*) In his second notice of appeal, Coleman listed the order appealed from as the August 28, 2015 order sustaining Mandel's demurrer without leave to amend, and the superior court docket does not show that a judgment of dismissal was entered as to Mandel. Nevertheless, "[t]he fact that no judgment of dismissal was entered on the order sustaining the demurrer does not present an insurmountable obstacle to the appeal." (*Shepardson v. McLellan* (1963) 59 Cal.2d 83, 88.) It would be inefficient to dismiss the appeal, order the trial court to enter a judgment of dismissal on the sustained demurrer, and then permit a subsequent appeal

3

We understand and have diligently considered his arguments.  However, we do not agree with his contentions.

## DISCUSSION

We review the sustaining of a demurrer de novo to determine whether the complaint states a cause of action.  (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2009) 173 Cal.App.4th 1179, 1185–1186.)  We review the denial of leave to amend to determine whether the trial court abused its discretion in determining that amendment cannot cure the pleading, and the "plaintiff has the burden to show the possibility of cure by amendment."  (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78.)

Coleman claims that the trial court wrongly assessed sanctions for his failure to serve Danon with the original complaint.  The record shows that on March 13, 2015, the trial court discharged the order to show cause regarding sanctions without imposing sanctions.

Coleman claims that in its demurrer to the *original* complaint, the City falsely argued that Coleman had not filed a claim with the City.  The City represents that it did not make this argument in its demurrer to the first amended complaint, and Coleman does not argue otherwise.  Coleman also argues that the City did not give him notice that an investigation would not be conducted into his claim, but that is not relevant to whether his first amended complaint states a cause of action.

Coleman points to a mistake by the court clerk in processing his motion for augmentation, without stating how any mistake affected the outcome or prejudiced him.

Coleman argues that the City demurred only to his cause of action for gross negligence, so that his cause of action for negligence survives the sustaining of the demurrer without leave to amend.  He has failed to include the City's demurrer in the

---

from the dismissal.  (*Ibid.*)  Instead, as the parties treat the appeal as properly before us, we "deem[] the order sustaining the demurrer to incorporate a judgment of dismissal and interpret[] plaintiff's notice of appeal as applying to such dismissal." (*Federer v. County of Sacramento* (1983) 141 Cal.App.3d 184, 185.)

4

appellate record.  In any event, the trial court sustained the demurrer to *any* tort liability on the part of the City, which would include "gross negligence or negligence" as Coleman alleged in the first amended complaint.  The trial court was correct that the City as a public entity could not be held liable on the basis of its grant of a business license to Passageway.  "A public entity is not liable for any injury '[e]xcept as otherwise provided by statute.'  ([Gov. Code,] § 815, subd. (a).)" *Richardson-Tunnell v. School Ins. Program for Employees (SIPE)* (2007) 157 Cal.App.4th 1056, 1061.)  Coleman points to no statute that provides the City is liable for an injury caused by a business to which the City has issued a license.  His first amended complaint cites Government Code section 830, subdivision (b), which defines "'protect against'" a dangerous condition, but subdivision (a) defines a dangerous condition as "a condition of property that creates a substantial . . . risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably forseeable that it will be used."  The first amended complaint alleges that the City was required to protect his "personal property rights against violation, from license business operations unlawful," but that does not allege any such dangerous condition.

Coleman also claims that the trial court abused its discretion in denying him leave to amend.  He argues he could have amended to assert a "claim action case" against the City but the court did not ask or make inquiry of him if he could show that amendment was possible.  Coleman had the burden to show that he could amend his complaint, and the record does not contain any proposed changes or additions he could have made to cure the defects in his first amended complaint.  (*Saint v. Saint* (1932) 120 Cal.App. 15, 23–24.)

Regarding Mandel, Coleman argues a substitution of attorney was not properly served on him and the signatures on the form had different dates.  He does not show how this supposed irregularity is relevant to the trial court's sustaining of the demurrer without leave to amend.

Coleman also makes claims of error regarding Passageway.  Neither of his notices of appeal designates the July 17, 2015 sustaining of Passageway's demurrer without

leave to amend, or the August 21, 2015 denial of Coleman's motion for reconsideration, as the judgment or order from which Coleman appeals. "'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal." (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) We lack jurisdiction to consider Coleman's claims regarding Passageway and its director Danon. (*Ibid.*)

## DISPOSITION

The August 28, 2015 order sustaining Susan Mandel's demurrer without leave to amend is modified by adding thereto a judgment dismissing the action. As modified the judgments are affirmed. City of Pasadena, Bill Bogaard, and Susan Mandel are to recover their costs on appeal.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.


6