Filed 2/10/21  P. v. Hernandez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090985 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F03567) |
| v. | |
| MARK HERNANDEZ, | |
| Defendant and Appellant. | |

Defendant Mark Hernandez appeals the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95, [1] arguing the trial court erred when it ruled he was ineligible for relief under the statute.  We affirm.

### LEGAL BACKGROUND

*Senate Bill No. 1437 and Section 1170.95*

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.).  Senate Bill No. 1437 was enacted to "amend the felony murder rule and the

---

[1]     Further undesignated statutory references are to the Penal Code.

natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The new section 1170.95 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The

2

petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The petition filed under section 1170.95 must include the following: "(b)(1)(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel."

If the petition is missing any of the information required by section 1170.95, subdivision (b)(1) and that information "cannot be readily ascertained by the [trial] court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

Once a complete petition is filed, section 1170.95, subdivision (c) sets out the trial court's responsibilities: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009 a jury found defendant and his codefendant guilty of second degree murder and attempted murder, and found true the allegation that defendant personally used a deadly or dangerous weapon in connection with the murder. (§§ 187, subd. (a), 664, 12022, subd. (b)(1)).

We affirmed those criminal judgments in 2013. (*People v. Halford et al.* (Jan. 23, 2013, C062401) [nonpub. opn.] (*Halford*).)

In affirming, we explained we had "no reason to suspect that the jury did not follow its charge to determine whether Hernandez had knowledge of Halford's purpose and entertained the specific intent to aid and facilitate the murder . . . and the attempted

3

murder." Defendant "knew before he . . . accompanied Halford to the levee," the location of the murder, "that Halford was hell bent on 'deal[ing] with the mother fucker.' Hernandez armed himself with two knives and a long stick. . . . On the levee, Hernandez was in Halford's presence when Halford announced his intention to kill" the attempted murder victim. "Finally, and most importantly, Hernandez personally provided Halford one of the knives and proceeded to use the other one himself." (*Halford, supra*, C062401, [pp. 19-20].)

In January 2019 defendant filed a petition for resentencing under then newly enacted section 1170.95.

The petition included a form declaration, in which defendant stated (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) at trial, he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and (3) he could not be convicted of first or second degree murder under the changes to sections 188 and 189. Defendant also requested the trial court appoint counsel. He did not include any attachments or exhibits to his form petition and declaration.

In July 2019 the trial court ordered "special briefing on whether defendant . . . [was] ineligible" for relief. The trial court explained that it "appear[ed]" defendant "ha[d] not shown that he [fell] within the provisions of" section 1170.95, as the "court's underlying file for case No. 08F03567 contain[ed] the verdicts and the jury instructions that were given," and the "jury instructions did not include any instruction on either felony-murder or the natural and probable consequences doctrine." "*In addition*," the trial court wrote, the "summary of the trial evidence, contained in" our prior opinion "affirming the judgment on appeal, describes a scenario in which both defendant . . . and his codefendant were armed with knives, were fighting, and that the defense at trial was based on self-defense and provocation by the victims." (Italics added.) "If defendant . . .

4

does not stand convicted of felony murder or murder under a natural and probable consequences doctrine theory, it appears that he is not eligible to file" a section 1170.95 petition.

The People argued defendant was ineligible for section 1170.95 relief because he was convicted of murder and attempted murder "under an intent to kill theory." The People's brief referenced our prior opinion "detail[ing] the facts establishing . . . defendant . . . act[ed] with intent to kill . . . ."

In a two-sentence brief, defendant's counsel "respectfully submit[ted] the matter on the entire record contained in the Superior Court file."

The trial court—after reminding the parties that it "issued an order requesting special briefing on whether defendant . . . is eligible to seek relief . . . to vacate his second degree murder conviction"—concluded defendant was ineligible for relief in a written order, explaining that defendant "[did] not show that the court's assessment of his convictions in Case No. 08F03567 and the basis for those convictions [was] erroneous."

Defendant timely appealed.

## DISCUSSION

Defendant argues the trial court erred when it relied on our prior opinion "to determine the facts of" defendant's crimes and rule defendant ineligible for section 1170.95 relief. The People argue defendant's argument is forfeited on appeal because he "acquiesce[d]" to the trial court's reliance on the prior opinion, and fails on the merits in any event. Defendant insists his trial counsel "did *not* acquiesce to the trial court's use of the facts from the appellate opinion to deny relief. Rather, trial counsel . . . specifically submitt[ed] the issue of eligibility on the contents of the trial court file." (Italics added.)

*The Court File and the Record of Conviction*

Subdivision (b)(2) of section 1170.95 "directs the court in considering the facial sufficiency of the petition to access readily ascertainable information. The same material that may be evaluated under subdivision (b)(2)—that is, *documents in the court file or*

5

*otherwise part of the record of conviction* that are readily ascertainable—should similarly be available to the court in connection with the first prima facie determination required by subdivision (c). . . . [Citation.] . . . The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill No. 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3))." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, italics added, review granted Mar. 18, 2020, S260493.)

"A court of appeal opinion, whether or not published, is part of the appellant's record of conviction. [Citations.] Accordingly, it [is] proper for [a] superior court to consider" an opinion affirming a murder conviction "in determining whether [a petitioner] ha[s] made a prima facie showing of eligibility for relief under section 1170.95 or whether he was ineligible for relief as a matter of law." (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 333, rev. granted.)

*Jury Verdicts*

Though the jury instructions that the trial court relied on are not in the record on appeal, the trial court explained in both its "special briefing" order and in its order denying defendant's petition that the jury instructions at defendant's trial "did not include any instruction on either felony-murder or the natural and probable consequences doctrine."

Defendant did not contest the trial court's characterization of the court file below. Rather he "submit[ted] the matter on the entire record contained in the Superior Court file." Similarly, defendant does not contest the trial court's characterization on appeal. Consequently, we accept it as accurate for purposes of this appeal. (Cf. *Federer v. County of Sacramento* (1983) 141 Cal.App.3d 184, 186 [admission in a party's brief "is the equivalent of a concession" that "controls the disposition of the case"].)

On such a record, the trial court's ruling was not erroneous.

6

" '[J]ury instructions given at a petitioner's trial may provide "readily ascertainable facts from the record" that refute the petitioner's showing,' permitting a trial court to determine that a petitioner is not entitled to relief." (*People v. Daniel* (2020) 57 Cal.App.5th 666, 676, quoting *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, in which review was granted Sept. 23, 2020, S263939.)

Here, because the jury instructions did not include any instruction on either felony murder or the natural and probable consequences doctrine, "[t]he given instructions demonstrate that [defendant] was convicted of second degree murder on a theory that survives Senate Bill No. 1437's changes to sections 188 and 189. [Citation.] . . . Thus, [defendant] is not '[a] person convicted of felony murder or murder under a natural and probable consequences theory,' and he is therefore ineligible for relief as a matter of law."[2] (*People v. Daniel, supra*, 57 Cal.App.5th at p. 677, fn. omitted.)

---

[2] To the extent the parties invite us to rule on the separate question whether a conviction for attempted murder may be challenged under the provisions of section 1170.95, we decline the invitation. In his petition, defendant challenged only his conviction for murder; not his attempted murder conviction. And though the trial court *referred* to defendant's attempted murder conviction (largely, it appears, to support its analysis that defendant harbored intent to kill) the first sentence of the order on appeal makes clear that the trial court adjudicated the petition only as to defendant's murder conviction.

We note, however, that while it appears the District Courts of Appeal have expressed multiple perspectives on *some* aspects of Senate Bill No. 1437's impact on criminal liability for the crime of attempted murder, *no* published case has ruled that Senate Bill No. 1437 created an avenue to attack an attempted murder conviction that, like defendant's, is final. (See *People v. Love* (2020) 55 Cal.App.5th 273, 278-279 [one group of appellate courts "has held that Senate Bill [No.] 1437 did not eliminate the natural and probable consequences theory for attempted murder at all"; the "second group has held that Senate Bill [No.] 1437 eliminated the natural and probable consequences theory for attempted murder prospectively, but not retroactively"; the "last group has held that Senate Bill [No.] 1437 eliminated the natural and probable consequences theory for attempted murder prospectively and retroactively as to nonfinal convictions, but not retroactively as to final convictions"], review granted Dec. 16, 2020, S265445.)

Accordingly, any error by the trial court in considering our prior opinion was harmless.  (See *People v. Watson* (1956) 46 Cal.2d 818, 837; *People v. Corona* (1989) 211 Cal.App.3d 529, 535 ["the applicable harmless error standard makes it entirely unnecessary to decide the merits" of defendant's argument].)

## DISPOSITION

The judgment (order) is affirmed.


/s/
RAYE, P. J.

We concur:


/s/
ROBIE, J.


/s/
MURRAY, J.