Filed 8/2/21  P. v. Bell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091373 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F05329) |
| v. | |
| KANYA BELL, | |
| Defendant and Appellant. | |

Defendant Kanya Bell appeals the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95,[1] arguing the trial court erred when it ruled he was ineligible for relief under the statute.  We affirm.

---

[1] Further undesignated statutory references are to the Penal Code.

## LEGAL BACKGROUND

*Senate Bill No. 1437 and Section 1170.95*

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The new section 1170.95 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the

2

prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The petition filed under section 1170.95 must include the following: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).)

If the petition is missing any of the information required by section 1170.95, subdivision (b)(1) and that information "cannot be readily ascertained by the [trial] court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

Once a complete petition is filed, section 1170.95, subdivision (c) sets out the trial court's responsibilities: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

### FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury found defendant guilty of murder in the second degree (§§ 187, subd. (a), 189) and possession of a firearm by a convicted felon (former § 12021, subd. (a)(1)), also finding true defendant personally discharged a firearm (§ 12022.53, subd. (d)). The jury acquitted him of first degree murder and robbery. Defendant was sentenced to a total state prison term of 40 years to life.

3

We affirmed those criminal judgments in 2006. (*People v. Bell* (Feb. 17, 2006, C050017) [nonpub. opn.].)

In February 2019, defendant filed a petition for resentencing under then newly enacted section 1170.95.

The petition included a form declaration, in which defendant stated he was convicted of second degree murder under the natural and probable consequences doctrine or under the felony-murder doctrine and he could not now be convicted because of the changes to section 188 or 189. Defendant also requested the trial court appoint counsel. He did not include any attachments or exhibits to his form petition and declaration. Defendant's appointed counsel filed an initial brief, the prosecutor filed a motion to dismiss as a response, and defendant's counsel filed a reply.

On December 3, 2019, the court issued a tentative ruling denying defendant's petition. The court found the "records of [defendant's] conviction establish that the jury necessarily found that [defendant] killed the victim by his intentional act of discharging a firearm while harboring malice aforethought. Therefore, the changes to sections 188 and 189 of the Penal Code would not bar his conviction of second degree murder." It explained that defendant had also been charged with first degree murder on a felony-murder theory (robbery), and the jury instructions[2] "consistently told the jury that in order to convict defendant of murder, it had to find either the killing occurred during a robbery, in which the crime would be first degree murder, or the killing had to have been committed with either express or implied malice, in which it would be second degree

---

[2] The court said the jury had been instructed on CALJIC 8.11 (defining express and implied malice), CALJIC 8.20 (defining deliberate and premeditated murder), CALJIC 8.21 (defining first-degree felony murder as a killing in commission or attempted commission of a robbery), CALJIC 8.30 (defining second degree murder as an intentional murder without premeditation), and CALJIC 8.31 (defining second degree murder as a killing with implied malice).

4

murder." Though the jury acquitted defendant of robbery and first degree murder, they found him guilty of second degree murder "which required a finding defendant personally harbored malice aforethought." The court allowed the parties to submit supplemental briefs because neither party addressed the case's jury instructions. Defendant's counsel "submit[ted] the matter on the reply previously filed," and the prosecutor filed a brief agreeing with the court's tentative ruling. On January 27, 2020, the court adopted its tentative ruling as its final order without modification.

Defendant timely appealed.

## DISCUSSION

Defendant contends the court erred when it considered his record of conviction, specifically the jury instructions, to deny his section 1170.95 petition. Despite defendant's concession that his petition "contradicted the record of his trial," he argues the court was only permitted to consider his petition at the prima facie stage. The People argue the trial court was permitted to review the record of conviction and properly found defendant ineligible for relief at the prima facie stage.

*The Court File and the Record of Conviction*

Subdivision (b)(2) of section 1170.95 "directs the court in considering the facial sufficiency of the petition to access readily ascertainable information. The same material that may be evaluated under subdivision (b)(2)—that is, *documents in the court file or otherwise part of the record of conviction* that are readily ascertainable—should similarly be available to the court in connection with the first prima facie determination required by subdivision (c). . . . [Citation.] . . . The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill [No.] 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3))." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, italics added, review granted Mar. 18, 2020, S260493.)

5

*Jury Verdicts*

Though the jury instructions that the trial court relied on are not in the record on appeal, the trial court explained in both its tentative order and in its final order denying defendant's petition that the jury instructions at defendant's trial required the jury to find for second degree murder "the killing [was] committed with either express or implied malice." Since the jury found defendant guilty of second degree murder, they necessarily found defendant "personally harbored malice aforethought." Defendant did not contest the trial court's characterization of the court file below. Rather he "submit[ted] the matter on the reply previously filed." Similarly, defendant does not contest the trial court's characterization on appeal. Instead, defendant concedes his petition asserting he was convicted under either the natural and probable consequences doctrine or the felony-murder doctrine "contradicted the record of his trial." Consequently, we accept it as accurate for purposes of this appeal. (Cf. *Federer v. County of Sacramento* (1983) 141 Cal.App.3d 184, 186 [admission in a party's brief "is the equivalent of a concession" that "controls the disposition of the case"].)

On such a record, the trial court's ruling was not erroneous.

" '[J]ury instructions given at a petitioner's trial may provide "readily ascertainable facts from the record" that refute the petitioner's showing,' permitting a trial court to determine that a petitioner is not entitled to relief." (*People v. Daniel* (2020) 57 Cal.App.5th 666, 676, review granted Feb. 24, 2021, S266336.)

Here, because the jury instructions defendant was found guilty on did not include any instruction on either felony murder or the natural and probable consequences doctrine, "[t]he given instructions demonstrate that [defendant] was convicted of second degree murder on a theory that survives Senate Bill No. 1437's changes to sections 188 and 189. [Citation.] . . . Thus, [defendant] is not '[a] person convicted of felony murder or murder under a natural and probable consequences theory,' and he is therefore

6

ineligible for relief as a matter of law." (*People v. Daniel, supra*, 57 Cal.App.5th at p. 677, fn. omitted, review granted.)

## DISPOSITION

The judgment (order) is affirmed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
MAURO, J.

_____/s/_____
MURRAY, J.