[No. C066130. Third Dist. Nov. 30, 2011.]

CHARLES V. STEBLEY et al., Plaintiffs and Appellants, v.
LITTON LOAN SERVICING, LLP, et al., Defendants and Respondents.

## Counsel

Charles V. Stebley and Gina Stebley, in pro. per., for Plaintiffs and Appellants.

Severson & Werson, Jon D. Ives and Jan Chilton for Defendant and Respondent Litton Loan Servicing, LLP.

Law Offices of Glenn Wechsler, Glenn H. Wechsler and Eugenia Amador for Defendant and Respondent WMC Mortgage.

Barrett, Daffin, Frappier, Treder & Weiss and Edward A. Treder for Defendant and Respondent NDEX West, LLC.

**OPINION**

**DUARTE, J.**—Plaintiffs Charles V. and Gina Stebley timely appeal from judgments of dismissal in favor of defendants Litton Loan Servicing, LLP, Mortgage Electronic Registration Systems, Inc., Bank of New York Mellon, and WMC Mortgage, LLC, after the trial court sustained demurrers to complaints seeking damages and other relief for the purportedly wrongful foreclosure of plaintiffs' residence. Because plaintiffs have neither stated a cause of action, nor shown they can amend to state a cause of action, we shall affirm.

## BACKGROUND

As defendants point out, plaintiffs have failed in their duty, as the appellants, to provide an adequate record (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 [224 Cal.Rptr. 664, 715 P.2d 624]), and to make coherent legal arguments (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 [34 Cal.Rptr.2d 558, 882 P.2d 249]; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672–673, fn. 3 [33 Cal.Rptr.2d 13]). Although plaintiffs appear in this court without counsel, that does not entitle them to special treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985 [35 Cal.Rptr.2d 669, 884 P.2d 126]; *Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290 [299 P.2d 661].)[1]

But the ultimate issue is whether plaintiffs have stated a cause of action, or have shown how they could amend to state a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58] (*Blank*); *Das v. Bank of America, N.A.* (2010) 186 Cal.App.4th 727, 734 [112 Cal.Rptr.3d 439] (*Das*); see Code Civ. Proc., § 472c.) From our review of the record as well as the briefing, and clarification provided by oral argument, we find two coherent legal issues. They are: (1) whether the alleged or proposed facts would state a cause of action based on violations of Civil Code section 2923.5, and (2) whether those facts would support a violation of Welfare and

---

[1] We note one of the plaintiffs is a former attorney.

Institutions Code section 15610.30 (elder or dependent adult financial abuse). We deem all other claims to be abandoned. (See *Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482 [40 Cal.Rptr.3d 392].)

No purpose would be served by detailing the procedural history leading to this appeal. It suffices to say the trial court sustained demurrers to a second amended complaint, and declined to allow leave to file a third amended complaint, a document not in the appellate record.[2]

The defendants on appeal are entities connected to a residential loan plaintiffs obtained, and all are alleged to be jointly responsible. For purposes of this appeal it is not necessary to distinguish among them. (See *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 215 & fn. 3 [110 Cal.Rptr.3d 201] (*Mabry*).)

We presume the facts alleged in the second amended complaint and in the opening brief state the strongest case for plaintiffs. (See *Live Oak Publishing Co. v. Cohagan* (1991) 234 Cal.App.3d 1277, 1286 [286 Cal.Rptr. 198].) Stripped of legal conclusions (see *Blank, supra,* 39 Cal.3d at p. 318), those facts are as follows:

Plaintiffs borrowed on their residence and fell behind in their payments. Defendants purported to consider alternatives to foreclosure, but abruptly foreclosed before informing plaintiffs or their former counsel of any decision on whether to grant a loan modification or otherwise refrain from foreclosing. Plaintiff Gina Stebley is a dependent adult, and defendants had actual notice of her status.

## DISCUSSION

### I

*Civil Code Section 2923.5*

The gist of plaintiffs' contention is that defendants failed to fully and fairly explore alternatives to foreclosure.

In 2008, the Legislature enacted Civil Code section 2923.5 in response to the foreclosure crisis. (Stats. 2008, ch. 69, §§ 1, 2.) It prohibits filing a notice of default until 30 days after the lender contacts the borrower "to assess the borrower's financial situation and explore options for the

---

[2] We deny the three pending requests by defendants to augment the record and take judicial notice of certain documents. Those materials are not necessary to decide this appeal.

borrower to avoid foreclosure." (Civ. Code, § 2923.5, subd. (a)(1), (2); see *Mabry, supra,* 185 Cal.App.4th at p. 225.)[3]

However, Civil Code section 2923.5 does not provide for damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of federal law, that is, the Home Owners' Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and implementing regulations (12 C.F.R. § 560.2(b) (2011)). (See generally *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1024–1026 [111 Cal.Rptr.3d 20] [broad preemptive effect of HOLA regulations]; *Silvas v. E\*Trade Mortgage Corp.* (9th Cir. 2008) 514 F.3d 1001, 1004–1006.) The statute was "carefully drafted to avoid bumping into federal law" regulating home loans. (*Mabry, supra,* 185 Cal.App.4th at p. 226.) As a result, the *sole* available remedy is "more time" before a foreclosure sale occurs. (*Ibid.*) After the sale, the statute provides no relief. (*Mabry, supra,* at pp. 235–236; *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1615–1617 [126 Cal.Rptr.3d 174]; *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.* (N.D.Cal. 2010) 749 F.Supp.2d 1022, 1033, 1035–1036.) Further, the statute does not—and legally could not—require the lender to modify the loan. (*Mabry, supra,* 185 Cal.App.4th at p. 214.)

Plaintiffs do not discuss preemption. Therefore, we accept the view, stated in *Mabry* and other cases, that Civil Code section 2923.5 does not provide relief after a sale takes place.[4]

■ Plaintiffs also assert they are not required to tender arrearages before attacking the sale. We disagree. Assuming plaintiffs otherwise had a viable claim attacking the sale, the second amended complaint merely alleged *offers* to tender. A full tender must be *made* to set aside a foreclosure sale, based on equitable principles. (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 [51 Cal.Rptr.2d 286]; see *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439 [129 Cal.Rptr.2d 436].) *Mabry* held tender was not required to *delay* a sale (*Mabry, supra,* 185 Cal.App.4th at pp. 225–226) but did not suggest a tender is not required *post*sale. Nor do plaintiffs propose any facts showing it would be inequitable to require a full tender. Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt.

---

[3] The statute applies to owner-occupied residences, like plaintiffs', that are secured by "mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007." (Civ. Code, § 2923.5, subd. (i).)

[4] We decline defendants' invitation, reiterated at oral argument, to consider whether *Mabry* correctly held Civil Code section 2923.5 provides even a presale remedy. (But see *Taguinod v. World Savings Bank, FSB* (C.D.Cal. 2010) 755 F.Supp.2d 1064, 1073–1074 (*Taguinod*) [rejecting *Mabry*].) Because the sale at issue has taken place, plaintiffs cannot recover even if we assume *Mabry* was correctly decided.

■ Accordingly, plaintiffs have failed to show they can plead a viable claim under Civil Code section 2923.5.

II

*Dependent Adult Abuse*

The trial court rejected plaintiffs' dependent adult abuse claim, in part finding that plaintiffs failed to allege any property was taken *wrongfully*. We agree.

The relevant statute provides in part:

"(a) 'Financial abuse' of an elder or dependent adult occurs when a person or entity does any of the following:

"(1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both. [¶] . . . [¶]

"(b) A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." (Welf. & Inst. Code, § 15610.30.)

■ Plaintiffs allege defendants abruptly sold the property, causing "undue financial loss" and requiring Gina Stebley "to hastily locate an alternative residence that sufficiently provides for her disability." What "undue" loss was inflicted is not explained, as neither the complaint nor the briefing establishes that plaintiffs lost equity in the property or that there exist(ed) any sale proceeds to which plaintiffs were entitled, nor is there any explanation of how acquiring the new residence, however "hastily" located, caused *damage*. Foreclosing on a home is not actionable merely because it requires the former owner to move out. (See *Taguinod, supra*, 755 F.Supp.2d at p. 1074 [plaintiffs "fail to specify what actions taken by Defendants constituted such elder abuse"]; cf. *Das, supra*, 186 Cal.App.4th at p. 744 [bank did not obtain property for improper use by issuing loan and transferring funds at debtor's request].)

■ Plaintiffs correctly point out that bad faith or intent to defraud is no longer required in elder or dependent adult abuse cases. (See *Bonfigli v. Strachan* (2011) 192 Cal.App.4th 1302, 1315–1316 [122 Cal.Rptr.3d 447].)

But they still must allege at least a "wrongful use" of property. (Welf. & Inst. Code, § 15610.30, subd. (a)(1).) As we held in an analogous case, "It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid. . . . [A] commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights." (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227 Cal.App.3d 318, 334–335 [277 Cal.Rptr. 753].)

Accordingly, plaintiffs have failed to show that they can plead a viable claim for dependent adult abuse, predicated on the foreclosure of their residence.[5]

## DISPOSITION

The judgment is affirmed. Plaintiffs shall pay respondents' costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

Raye, P. J., and Hull, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 14, 2012, S199232. Corrigan, J., did not participate therein.

---

[5] We need not decide whether HOLA would preempt the dependent adult abuse claim. (But see *Cosio v. Simental* (C.D.Cal., Jan. 27, 2009, No. CV 08-6853 PSG (PLAx)) 2009 U.S.Dist. Lexis 8385 [HOLA preempts elder abuse claim].)