Filed 2/10/14  Sundby v. Bank of New York CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DALE H. SUNDBY, | D063281 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2010-00100283-CU-OR-CTL) |
| BANK OF NEW YORK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey B. Barton, Judge.  Affirmed.

Dale H. Sundby, in pro. per. for Plaintiff and Appellant.

Bryan Cave, Sean D. Muntz and Trevor J. Allen, for Defendants and Respondents.

Dale H. Sundby and Edith Littlefield Sundby (together, plaintiffs), self-represented litigants, brought this action against the Bank of New York Mellon (BNY), Bank of America Corporation (BofA), and ReconTrust Company (ReconTrust, together with BNY and BofA, defendants) alleging the nonjudicial foreclosure proceedings on their property were void because the trustee did not properly record a notice of default. (We hereinafter refer to Dale Sundby by his first name to avoid confusion because he is

the only appellant.) The trial court denied plaintiffs' motion for summary adjudication and granted summary judgment in favor of defendants. Dale appeals, contending the trial court erred because the deed of trust only permitted the trustee to record a notice of default and, in this case, ReconTrust recorded a notice of default before the recordation of a substitution instrument naming it as trustee. Dale also argues that ReconTrust never became the trustee because the substitution instrument did not include the name of the original lender and failed to include an affidavit. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2004, plaintiffs obtained a loan in the amount of $3,500,000 from America's Wholesale Lender, which was secured by a deed of trust encumbering a property in La Jolla, California. The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and CTC Real Estate Services as the trustee. The deed of trust provided: "If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located."

On November 24, 2009, ReconTrust recorded a notice of default. (All further date references are to the year 2009.) The notice stated that ReconTrust was the agent for the beneficiary, MERS. On December 16, ReconTrust recorded a substitution instrument, which had been executed on November 23, naming it the trustee. Thereafter, ReconTrust recorded a notice of sale and BNY acquired the property through a trustee's deed upon sale.

2

Plaintiffs filed an action against defendants, alleging causes of action for declaratory relief, to set aside the trustee's sale, to void and cancel the trustee's deed upon sale, for misrepresentation and fraud, and for intentional and negligent infliction of emotional distress. Defendants moved for summary judgment, arguing that plaintiffs' claims failed because they were "premised on the erroneous theory that ReconTrust was not authorized to conduct the foreclosure sale because it was not the substituted trustee"; plaintiffs did not have standing to bring their claims; plaintiffs did not tender the outstanding balance due on their loan; and plaintiffs were not prejudiced by any alleged defect in the foreclosure process. Plaintiffs moved for summary adjudication on their declaratory relief claim, arguing the foreclosure sale and deed upon sale were based on a notice of default that was void as a matter of law.

The trial court granted defendants' motion for summary judgment and denied plaintiffs' motion for summary adjudication on the declaratory relief claim. The trial court rejected plaintiffs' argument that the trustee's deed upon sale was void because ReconTrust was not authorized to record the notice of default. Specifically, the court found that because the substitution of trustee was executed on November 23, ReconTrust was the trustee when it recorded the notice of default on November 24. The trial court also granted summary judgment on the grounds that plaintiffs did not tender any money to defendants; plaintiffs did not raise a triable issue of fact that they were prejudiced by the recording of a notice of default before the recording of the substitution of trustee; and plaintiffs did not have standing to challenge whether the owner of a note has authorized its nominee to initiate the foreclosure process.

3

DISCUSSION

I. *General Legal Principles and Standard of Review*

Summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) "[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact. . . . A prima facie showing is one that is sufficient to support the position of the party in question." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851, fns. omitted.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id*. at p. 850.)

We review summary judgment rulings de novo. (*Certain Underwriters at Lloyd's of London v. Superior Court* (2001) 24 Cal.4th 945, 972.) "In practical effect, we assume the role of a trial court and apply the same rules and standards which govern a trial court's determination of a motion for summary judgment." (*Lenane v. Continental Maritime of San Diego, Inc.* (1998) 61 Cal.App.4th 1073, 1079.) "[W]e are not bound by the trial court's stated reasons for its ruling on the motion; we review only the trial court's ruling and not its rationale." (*Gafcon, Inc. v. Ponsor & Associates* (2002) 98 Cal.App.4th 1388, 1402.)

4

## II.  Analysis

Dale's appeal only challenges the trial court's ruling as to plaintiffs' first cause of action for declaratory relief. Specifically, he claims the trial court erred on that claim because "the trustee never recorded a notice of default, therefore no valid power of sale was invoked, no valid sale occurred, and no valid trustee's deed upon sale exists." Defendants argue, in part, that summary judgment was proper because plaintiffs did not tender their outstanding debt and did not establish that they were prejudiced by any alleged defect in the foreclosure process. We agree with defendants. Accordingly, we need not address Dale's contentions concerning the notice of default and substitution of trustee.

## A.  Tender Rule Not Satisfied

As a general rule, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." (*Karlsen v. American Sav. & Loan Assn*. (1971) 15 Cal.App.3d 112, 117.)  The tender requirement applies to "any cause of action for irregularity in the sale procedure," including declaratory relief. (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109; *McElroy v. Chase Manhattan Mortgage Corp*. (2005) 134 Cal.App.4th 388, 394.)  " 'The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower].' " (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512; *FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021 [tender rule is based on equitable maxim that a court of equity

5

will not order a useless act performed if plaintiffs could not have redeemed the property had the sale procedures been proper].)  This tender rule is strictly enforced.  (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th  428, 439.)

Here, the notice of default notified plaintiffs that there was  $357,913.88 due on their loan.  Plaintiffs did not provide any evidence establishing that they tendered their outstanding debt to defendants.  They also did not propose any facts showing it would be inequitable to require a full tender.  Rather, they merely argued that the notice of default was improper because ReconTrust recorded it before recording the substitution of trustee; therefore, the resulting foreclosure was void.  Under these circumstances, it would be inequitable to declare the foreclosure proceedings void without requiring plaintiffs to repay the secured loan obtained to purchase the property.  The result Dale seeks would effectively result in a windfall to plaintiffs because a substitution of trustee form was  not recorded until after the notice of default.  (See *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th  522, 526.)

B.  Dale Did Not Establish Prejudice

Dale challenges ReconTrust's authorization to proceed with the foreclosure because the substitution of trustee was  not recorded until after the notice of default.  He also argues that ReconTrust never became the trustee because the substitution instrument did not include the name of the original lender and failed to include an affidavit.  We reject these arguments due to Dale's failure to establish prejudice.

In *Debrunner v. Deutsche Bank Nat. Trust Co.* (2012) 204 Cal.App.4th 433, the plaintiff complained that the notice of default was defective in part because there was no record of a substitution of trustee. The court in *Debrunner* concluded, " 'a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate [that] the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests.' " (*Id.* at p. 443; accord, *Melendrez v. D & I Investment* (2005) 127 Cal.App.4th 1238, 1257 [presumption that nonjudicial foreclosure sale was conducted regularly and fairly may be rebutted only by substantial evidence of "prejudicial procedural irregularity"].)

Here, despite Dale's claims of errors in the substitution of trustee and in the foreclosure process, he has not shown that the errors were material or caused him prejudice. In the absence of a showing of prejudice, we have no basis for reversing the trial court's judgment.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to their costs on appeal.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

HUFFMAN, J.

7