Filed 9/5/14  Valladares v. Calliance Realty Fund CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LETICIA VALLADARES, Individually and as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CALLIANCE REALTY FUND LLC et al., <br><br> Defendants and Respondents. | B243876 <br><br> (Los Angeles County <br> Super. Ct. No. BC470177) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Deidre Hill, Judge.  Affirmed.

William Beck for Plaintiff and Appellant.

Alpert, Barr & Grant, Gary L. Barr, Mark S. Blackman for Defendants and Respondents.

_____

The trial court sustained demurrers to a first amended complaint without leave to amend and entered judgment for the defendants. On appeal, plaintiff does not contend that the operative pleading has any merit. Instead, plaintiff seeks leave to file an entirely new pleading, with different facts and new theories of recovery. Although the possibility of amending a pleading is open on appeal, plaintiff failed to carry her burden of showing that an amendment would cure any defects. We affirm.

## FACTS

The responding defendants in this appeal are Capital Alliance Advisors and its loan servicer Calliance Realty Funding. In November 2007, Capital Alliance loaned Leticia Valladares $760,000, secured by a deed of trust on real property (the Property). The promissory note requires repayment by December 1, 2010.

Valladares soon defaulted on her monthly payments. She and Calliance entered a modification agreement in December 2008 (the Modification). The Modification recites arrearages of $78,033, dating from March 1, 2008, which were added to the principal balance for a total debt of $838,033. Calliance agreed to temporarily decrease the interest rate and lower Valladares's payments. In return, Valladares agreed to give the lender title to a vehicle as additional collateral. In consideration for the Modification, Valladares agreed to pay a fee of $7,500.

A notice of trustee's sale was recorded, stemming from Valladares's second default. The Property was sold at public auction in June 2011. Valladares sued on the theory that respondents lacked standing to foreclose on the deed of trust: they allegedly failed to perfect their security interest in the Property and "cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust."

Respondents demurred to the complaint. They challenged the foundation for Valladares's claim that the foreclosing creditor lacked lawful ownership or a security interest in the Property, and asked the trial court to take judicial notice of recorded documents showing the validity of their ownership.

2

In response to the demurrer, Valladares filed a first amended complaint. Her appellate brief describes the amended pleading as "essentially identical to the original Complaint." Two weeks after filing the amended pleading, plaintiff's attorney asked to be relieved from representing her.

Respondents demurred. After pointing out that the two pleadings are "almost word-for-word identical," they argued that they held title to the Property from the date the loan was made to the date of foreclosure. Three days before the hearing on the demurrer—and two months after plaintiff's counsel sought to withdraw from representation—Valladares tried to delay the matter and (purportedly) offered the court a proposed second amended complaint (SAC). Valladares concedes in her opening brief that the SAC "never made it into the Court's file, according to its electronic docket sheet," and the trial court never saw it. Valladares did not seek leave from the trial court to file the SAC.

At the hearing on the demurrer, Valladares asked for leave to allow new counsel to substitute into the case and amend the complaint. The trial court denied both requests, reasoning that Valladares had ample opportunity to find new counsel and file a motion to amend between May 2, 2012 (when the first amended complaint was filed) and July 16, 2012 (the date of the hearing). The court sustained demurrers to the first amended complaint without leave to amend. Valladares appeals from the judgment.

**DISCUSSION**

**1. Appeal and Review**

Appeal lies from the judgment after demurrers are sustained without leave to amend. (Code Civ. Proc., § 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667; *Tanen v. Southwest Airlines Co.* (2010) 187 Cal.App.4th 1156, 1162.) We review de novo the ruling on the demurrers, exercising our independent judgment to determine whether a cause of action has been stated. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We assume that the pleading's material allegations are true. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

3

**2. The First Amended Complaint**

Valladares acknowledges that the demurrer to the first amended complaint "was sustained, which it should have been," adding that the original complaint and its amendment "did not make sense" and "missed the point." We do not address the merits of the first amended complaint in this opinion because Valladares does not contend that any portion of that pleading states a viable claim. She has abandoned her original claim that respondents lacked standing to foreclose on the Property.

**3. Leave to Amend**

Valladares says "she should have been allowed to file a SAC by new lawyers and have the Superior Court render judgment on it." She wishes to allege new facts and claims. Plaintiff's ability to amend her pleading is "open on appeal." (Code Civ. Proc., § 472c, subd. (a).) She must show a reasonable possibility that an amendment would cure any defects. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The papers must spell out how an amendment can cure a defect or change the legal effect of the pleading. Leave to amend should not be granted if it would be an exercise in futility. (*Long v. Century Indemnity Co.* (2008) 163 Cal.App.4th 1460, 1467-1468.)

Valladares's brief offers a section heading that reads, "The standard of review also requires plaintiff to show the appellate court in what manner amendments can be made to the complaint which will change the legal effect of the pleadings." This is a correct statement of the law. However, the opening brief fails to show that the pleading can be amended to survive demurrer. (See *McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1214 [this Court declined to reverse a demurrer sustained without leave to amend "[b]ecause appellant has completely failed to make any factual showing supporting her claim" to satisfy us that an amendment is appropriate].)

For example, the brief states that information obtained from Valladares "appear[s] to establish her performance on the interest only loan." To survive demurrer on a

4

wrongful foreclosure claim, plaintiff must allege a full tender of the debt. "Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt." (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526.) Plaintiff hedges whether or not she performed. Certainly, there is no claim in the brief that she fully tendered the principal—plus arrearages and delinquency fees—when the foreclosure took place.

Elsewhere in her brief, Valladares hints that she and respondents discussed a resolution. They agreed on a buyout of $725,000, but respondents wanted a lump sum payment while Valladares wanted to make four payments over time. The law imposes no duty on lenders to agree to a loan modification. (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1617.) Preliminary negotiations for a modification do not show a meeting of the minds, so a debtor's hope "that the notes would be 'redone' thus raises no triable issue as to a legally enforceable understanding inconsistent with the written terms of the notes." (*Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 483, overruled on other grounds in *Riverisland Cold Storage, Inc. v. Fresno-Madero Production Credit Assn.* (2013) 55 Cal.4th 1169, 1182.) Valladares's payments on the debt are unavailing: she had a contractual obligation to pay, notwithstanding the lender's willingness to discuss a modification. (*Auerbach v. Great Western Bank* (1999) 74 Cal.App.4th 1172, 1185-1187; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 79.)

Valladares suggests that this Court might review the legal sufficiency of her proposed SAC "right off-the-bat," to determine if any viable causes of action are stated, citing *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371. The *Careau* case reiterates that plaintiff must show the appellate court that a proposed amendment states a viable cause of action. (*Id.* at p. p. 1388.) Plaintiff's brief offers no analysis of her proposed SAC. She makes no attempt to show this Court how she can allege facts to establish the requisite legal elements in a way that is sufficient to survive demurrer. Indeed, she does not even mention what her proposed new causes of action might be.

In short, plaintiff cites statutory and case law authorizing appellate courts to examine proposed amendments to determine whether a viable cause of action exists. What is missing from the brief is step two: case/statutory citations demonstrating why Valladares's proposed amendment is legally sufficient. An appellate court is not charged with doing plaintiff's work of researching the elements of possible claims and reciting factual allegations supporting those elements. Valladares has failed to carry her burden of convincing this Court that she can make viable claims in her proposed SAC.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                        BOREN, P.J.

We concur:


CHAVEZ, J.


FERNS, J.*

_____
*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.