**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOROTHY DURBIN,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY,<br><br>        Defendant - Appellee. | No. 14-56450<br><br>D.C. No. 3:13-cv-00052-BEN-MDD<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 7, 2016[**]
Pasadena, California

Before:  TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Plaintiff Dorothy Durbin appeals the district court's grant of summary

judgment in favor of Defendant Hartford Life Insurance Company ("Hartford").

---

     [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

On de novo review, <u>Baccei v. United States</u>, 632 F.3d 1140, 1144 (9th Cir. 2011), we affirm.

1. Even if Plaintiff's financial abuse claim were not time-barred, an issue that we need not decide, there is no evidence that Hartford "retain[ed]" Plaintiff's property. <u>See</u> Cal. Welf. & Inst. Code § 15610.30(a)(1) ("'Financial abuse' of an elder . . . occurs when a person or entity . . . retains real or personal property of an elder . . . for a wrongful use . . . ."). Pacific Standard Life Insurance Company and Hartford issued the loans in 1990, 1992, and 1997. Although those acts may have violated the contract, in none of these instances did Hartford (or its predecessor) <u>keep</u> the funds.

2. Plaintiff cannot show that Hartford, in 2011, had a legal duty to repay the loans and, therefore, that it retained property for a "wrongful use." <u>Id.</u> Not every financial taking or withholding constitutes financial abuse of an elder, especially when the elder has no legal right to the property. <u>See</u> <u>Stebley v. Litton Loan Servicing, LLP</u>, 134 Cal. Rptr. 3d 604, 608 (Ct. App. 2011) (noting that it is not "wrongful use" for "a commercial lender to . . . take collateral, or to foreclose on collateral when a debt is not paid" (internal quotation marks omitted)).

**AFFIRMED.**