

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LEROY NEWMAN, | No. 13-17297 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01629-AWI-GSA |
| v. | |
| BANK OF NEW YORK MELLON CORP., as Trustee for the Certificate Holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-HY7, Mortgage Pass Through Certificates 2007-HY7 ("BONY"), FKA The Bank of New York; et al., | ORDER and MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted December 13, 2015[**]
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This case is submitted as of the date of this order.

Plaintiff David Newman defaulted on his home mortgage and was told his home was going to be foreclosed on. He filed this action seeking a declaration that defendants do not have the right to foreclose and raising various related causes of action. The district court dismissed Newman's complaint with prejudice. We reverse and remand with respect to most of Newman's claims, but we affirm the district court's dismissal of Newman's claims under California Civil Code section 2923.5.

1.     The district court dismissed Newman's claims for declaratory relief, quasi contract, violations of the Fair Debt Collection Practices Act, violations of California Business & Professions Code section 17200, and accounting because the court determined that a borrower like Newman has no standing to challenge a foreclosing entity's legal authority to foreclose. But while this appeal was pending, the California Supreme Court decided *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845 (Cal. 2016), which clarified that borrowers *do* have standing to challenge a foreclosing entity's authority to foreclose once the foreclosure has occurred. *Id.* at 860–61. And it appears that Newman's home was recently foreclosed on, bringing him within the class of people who have standing to bring

2

these kind of claims. We therefore reverse the district court's dismissal of these claims for the district court to apply intervening California case law in the first instance.

2.      As to Newman's negligence claim, the district court correctly held that a lender generally owes no duty to consider a loan modification. But while this appeal was pending, the California Court of Appeal decided another case, *Alvarez v. BAC Home Loans Servicing, L.P.*, 176 Cal. Rptr. 3d 304 (Cal. Ct. App. 2014), which clarified that a lender may have a duty to act reasonably once it affirmatively agrees to consider a loan modification application. *Id.* at 310. Because Newman alleges that defendants agreed to consider his loan modification request, we also remand this claim to the district court for consideration of intervening California case law in the first instance.

3.      We affirm the district court's dismissal of Newman's claim for violations of California Civil Code section 2923.5. Now that Newman's home has been foreclosed on, there is no remedy for a violation of this statute. *Stebley v. Litton Loan Servicing, LLP*, 134 Cal. Rptr. 3d 604, 607 (Cal. Ct. App. 2011) ("After the sale, [section 2923.5] provides no relief.").

        The parties will bear their own costs.

**AFFIRMED in PART, REVERSED in PART and REMANDED.**

3