

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QADEER AZAM,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>   Defendants-Appellees. | No. 15-55213<br><br>D.C. No. 14-cv-00456 PSG (DFM)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip Gutierrez, District Court Judge, Presiding

Submitted January 11, 2017[**]
Pasadena, California

Before:  KOZINSKI and WATFORD, Circuit Judges, and BENNETT,[**] District Judge.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

   [**]   The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

**1.** "We review a district court's decision to take judicial notice for abuse of discretion." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Because the documents in question were matters of public record, the district court did not abuse its discretion by taking judicial notice of them. Fed. R. Evid. 201(b)(2). Azam makes no more than conclusory allegations to challenge the accuracy, truth, or validity of any of the documents, and the district court considered them primarily to determine the chronology of events.

**2.** Contrary to Azam's contentions, the district court laid out the proper statute of limitations for each of the claims in question, the proper date—indeed, the latest possible date—on which the limitations period for each claim began to run, and the date the limitations period expired for each claim prior to the filing of the complaint. Azam offers no more than conclusory allegations that he could not have discovered his claims sooner in support of his argument for equitable tolling. *See, e.g., Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc); *Norgart v. Upjohn Co.*, 981 P.2d 79, 88–89 (Cal. 1999). Assuming, without deciding, that the continuing violations doctrine would apply to Azam's claims, he offers only conclusory allegations that his claims are the result of any violations that purportedly continued into an applicable limitations period

2

prior to the filing of his complaint. *See, e.g., United States v. Estate of Hage*, 810 F.3d 712, 721 (9th Cir. 2016).

3.    Ordinarily, a full tender must be made to set aside a foreclosure sale, based upon equitable principles. *Stebley v. Litton Loan Servicing, LLP*, 134 Cal. Rptr. 3d 604, 607 (Cal. Ct. App. 2011). A full tender may not be required, however, where one or more of four recognized exceptions applies. *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-42 (Cal. Ct. App. 2011). While it might be appropriate in most cases to decline to apply the full tender rule at the pleading stage, *see, e.g., Ogilvie v. Select Portfolio Servicing*, No. 12–CV–001654–DMR, 2012 WL 3010986, at *6 (N.D. Cal. July 23, 2012), that course is not appropriate where, as here, Azam has not sufficiently alleged any ability to tender and his assertions of exceptions to the full tender rule are based on no more than conclusory allegations.

4.    Azam's reliance on *Glaski v. Bank of Am., N.A.*, 160 Cal. Rptr. 3d 449, 452 (Cal. Ct. App. 2013), as establishing his standing to assert fraudulent securitization, is misplaced. The New York Supreme Court, Appellate Division, has since reversed the trial court decision on which *Glaski* relied. *Wells Fargo Bank, N.A. v. Erobobo*, 9 N.Y.S.3d 312 (N.Y. App. Div. 2015); *see also Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 90 (2d Cir. 2014) (rejecting *Glaski*).

Also, the California Court of Appeal held that, under New York law—the law governing the trust at issue in this case—an untimely assignment into a securitized trust is not void, but merely voidable, and that borrowers lack standing to challenge such assignments. *See, e.g., Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Cal. Ct. App. 2016) (citing *Rajamin*, 757 F.3d at 88-89).

5. Making conclusory allegations and accusations is not the same as pleading facts establishing the plausibility of a claim. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150–51 (9th Cir. 2016). Azam has also failed to state legally cognizable theories for several of his claims, even accepting the pertinent allegations as true. *Id.*

6. The district court did not abuse its discretion by concluding that there were defects in Azam's complaint that could not be cured by amendment. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). We have no more reason than the district court did to believe that an amendment would cure the defects in Azam's complaint.

**AFFIRMED.**