Filed 11/23/20  Marriage of Cantarella and Herrera CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Marriage of DAVID CANTARELLA and RUTH HERRERA. | |
| DAVID CANTARELLA, | |
| Appellant, | G057197, G058304, G058332, G058413, G058383, G058484 |
| v. | (Super. Ct. No. 16D006157) |
| RUTH HERRERA, | O P I N I O N |
| Respondent; | |
| ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener. | |

Appeals from postjudgment orders of the Superior Court of Orange County, Claudia Silbar, Judge, and Nancy J. Kasch, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)Affirmed.

David Cantarella, in pro. per., for Appellant.

No appearance for Respondent.

Xavier Becerra, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown, Supervising Deputy Attorney General, Jennevee H. De Guzman, for Intervener.

Appellant David Cantarella (father), a vexatious litigant, appeals from orders regarding custody of and child support for his minor child (child) with respondent Ruth Herrera (mother).  Father contends the trial court erred by (1) failing to file a stipulation and order, (2) refusing to allow father to cross-examine certain witnesses and admit certain evidence, (3) ordering a protective custody warrant for child, (4) allowing mother to take her request for order on modification of child support off calendar, (5) refusing to "modify" the motion of the Orange County Department of Child Support Services (SSA) to modify an existing child support order, (6) ordering father to pay costs associated with an attempt to have child visit a camp in Nebraska, and (7) ordering father to take child to school in Corona (where mother lives).  He also requests an order assigning this case to a different judge on remand.

We find no error and affirm.

## RULES VIOLATIONS AND DEFECTS IN FATHER'S BRIEF

Father's brief violates the California Rules of Court in several respects and is otherwise defective.  Father's brief exceeds the word count limit.  California Rules of Court, rule 8.204 (c)(1) limits briefs to 14,000 words, but father's certificate of word count indicates his brief contains 16,656 words.

Father's abbreviated summary of facts is insufficient to understand his claims, and the facts he chose to include are impermissibly one-sided.  Because father argues insufficiency of the evidence (among other things) he was required to "'summarize the evidence on that point, favorable and unfavorable, and show how and why it is insufficient. . . .'"  He cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his responsibility in this respect.'"  (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409, italics omitted.)

Father's initial statement of the case also does not correspond with his argument section, which made our review more difficult.

2

Additionally, father failed to provide a sufficient record of the proceedings in the family court in violation of California Rules of Court, rules 8.120, 8.122, and 8.124. Several of the documents necessary to understand the appeal were not included in the record, including particularly transcripts of the hearings that led up to several of the challenged orders. Further, father repeatedly attempts to cite record material from father's various past appeals of earlier orders in this case, without properly designating that material as part of the record in this appeal or properly including it by reference in his appendix, violating California Rules of Court, rules 8.147(b) and 8.124(b)(2).

Failure to comply with the court rules is a ground for forfeiture of claims. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294.) The fact father is appearing in propria persona makes no difference. A self-represented litigant is not entitled to "special treatment" (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524) but is held to the same standards as a party represented by counsel. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [issues forfeited due to defects in opening brief].)

Nor is it an excuse that father was unable to access the public law library because of the COVID-19 pandemic. The defects in father's opening brief and record preparation are largely the same as those identified by this court in connection with father's previous appeals in this case (*In re Marriage of Cantarella and Herrera* (Mar. 29, 2019, G055857, G056098) [nonpub. opn.]; *In re Marriage of Cantarella and Herrera* (Mar. 29, 2019, G054843, G054900) [nonpub. opn.].) Having been specifically instructed by this court on those occasions regarding the deficiencies of his earlier briefs, father cannot now argue his inability to physically access the law library deprived him of the opportunity to understand the rules.

To the extent they are relevant, or we are able, we will attempt to address father's claims on the merits. Otherwise the claims are forfeited for the reasons set forth above or as explained in our discussion of the issue below. Further, we may have

inadvertently overlooked an argument buried in the statement of the case. (*Provost v. Regents of University of California, supra*, 201 Cal.App.4th at pp. 1294-1295 ["we do not consider all of the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument"].)

## FACTS AND PROCEDURAL HISTORY

This is the third separate opinion of this court generated in this case. Our prior opinions decided multiple consolidated appeals. Counting by case numbers or by notices of appeal, father has now raised issues in this case to this court at least ten times, not counting matters dismissed before an opinion was issued.

Child was born in 2006 and this action began in the same year. In the years that followed, father and mother appeared before the trial court over 50 times on various custody and child support matters. The recent disputes, including both those discussed in the previous appeals and those discussed in this appeal, largely concern child's school, medication, and alienation from parents. Father lived in Costa Mesa, while mother lived in Corona.

After a series of events described in one of the previous appeals (*In re Marriage of Cantarella and Herrera, supra*, G054843, G054900), the court awarded mother sole legal custody, whereupon she enrolled child in school in Corona. At the time, father and mother shared physical custody on a week-on, week-off basis. Thus, on father's weeks, father had to drive child to and from school in Corona, much to father's dissatisfaction.

Child had also been diagnosed with attention deficit disorder and prescribed medication. Child took the medication while living with mother, but did not take it consistently while living with father. Mother also alleged father had been talking to child and attempting to alienate child from mother.

These and related issues resulted in a series of hearings by the trial court on custody, at which the court heard testimony from various witnesses and confidentially

4

interviewed child. The hearings reported in the record took place on October 29, 2018, February 11, 2019, and May 7, 2019. The October 29, 2018 hearing arose from mother's request for an order granting her primary custody, and (along with an earlier hearing on June 21, 2018) appears to have resulted in a November 8, 2018 order (order 1), from which father appeals (case No. G057197).[1]

The other five orders from which father appeals are dated July 30, 2019 (G058332 order 2), August 16, 2019 (G058383 order 3), September 5, 2019 (G058304 order 4), September 19, 2019 (G058413 order 5), and October 4, 2019 (G058484 order 6). All five were entered months after the last hearing reported in the record. Each of these five orders states it resulted from an earlier hearing at which testimony was taken. The transcripts of those hearings are not included in the record.

In view of the inadequacy of the record noted above, the hotly contested nature of the factual disputes between the parties, and the unreliability of father's factual summary, we cannot ascertain the facts upon which the trial court relied to enter the challenged orders. Nonetheless, we summarize the effects of the orders here for context.

Order 1 sets forth certain terms of the week-on, week-off custody-sharing arrangement between father and mother.

Order 2 takes father's discovery motion off calendar at his request, takes mother's request for order modifying child support off calendar at her request, denies mother's request for sanctions, orders mother to reimburse father for certain medical expenses, and dismisses a contempt proceeding brought by mother against father.

---

[1] The record is somewhat unclear on this point. The November 8, 2018 order itself states that it results from the June 21, 2018 hearing, but appears to reference matters discussed at the October 29, 2018 hearing. Further, the June 21, 2018 hearing also appears to have resulted in a separate June 21, 2018 minute order, from which father did not appeal.

Order 3 includes a nonappealable finding of contempt,[2] and an order requiring father to reimburse mother for costs of an attempt to have child visit a camp in Nebraska.

Order 4 reflects a preexisting order (from which no appeal was taken) granting mother sole legal and physical custody, and includes an order directing the district attorney to prepare and execute a second protective custody warrant for child to be returned to mother and appointment of a doctor for reunification therapy. It also includes orders prohibiting father from removing child from Orange County or to move child to a place where he cannot be located, denying father's request to enroll child in school in Costa Mesa, ordering no visitation for father, and requiring father to cooperate with law enforcement.

Order 5 sets child support from mother to father to zero, based upon the court's award of sole custody to mother.

Order 6 reflects child's presence in a "safehouse," and includes orders prohibiting father from visiting the "safehouse," from contacting child, and requiring him to return child to the "safehouse" if child runs away.

Father timely appealed from each of the six orders.

Additional facts are set out in the discussion.

### DISCUSSION

*Order* 1

Father contends the trial court erred with respect to order 1 by (1) not recusing herself for bias; (2) refusing to allow father to cross-examine a witness; and (3) refusing to admit father's declaration into evidence. All three contentions are meritless.

Father offers nothing, other than adverse rulings, to substantiate his claim of trial court bias. This claim is patently insufficient. Even erroneous rulings against a

---

[2] Father's appeal from this portion of the order was dismissed prior to this opinion.

6

party do not constitute judicial bias. (*People v. Avila* (2009) 46 Cal.4th 680, 696.) And, in any event, we find no error in the trial court's rulings.

Father contends he was not permitted to cross-examine a witness on two occasions: once at a June 21, 2018 hearing, and once at the October 29, 2018 hearing that led to order 1. Father also contends he was prejudiced by the trial court's refusal to consider a declaration he submitted in advance of the trial.

The June 21, 2018 hearing's transcript is not part of the record on appeal, and in any event, that hearing appears to have resulted in a separate June 21, 2018 minute order that was not appealed and is thus not properly before this court.

The October 29, 2018 hearing arose from mother's request for primary custody, and included testimony from three witnesses: Rosanne Arce (child's tutor), Francisco Espinoza (pastor at child's maternal grandmother's church), and mother. Father cross-examined Arce and Espinoza. Mother's brief testimony concluded with the court taking an afternoon break and with the parties agreeing to use the remaining time in the hearing to permit the court to interview child. Father also requested the court consider a declaration he filed, but the court declined in the absence of a stipulation by opposing counsel.

After speaking with child, the court kept all existing orders in effect and continued the matter, effectively denying mother's request without prejudice. The resulting minute order similarly reflects a continuation of the preexisting week-on, week-off custody-sharing arrangement. In other words, father prevailed: mother's request for primary custody was unsuccessful and the existing orders (which are not the subject of this appeal) remained in effect.

Under Code of Civil Procedure section 902, only parties "aggrieved" may appeal a judgment or order. This rule is jurisdictional. (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.) "A party is aggrieved only if its 'rights or interests are injuriously affected by the judgment.'" (*Ibid*.) As to order 1, on the record before this court, father

7

completely prevailed. The sole issue before the trial court was mother's request for an order granting her primary physical custody, which was denied, and the preexisting orders were maintained. As such, father lacks standing to appeal order 1.

*Orders 2 through 6*

As discussed above, orders 2 through 6 each state they are the result of an earlier hearing at which testimony was taken. The transcripts of these hearings are not in the record. In the absence of these transcripts, we cannot conduct meaningful review of these orders, which are all plainly based upon the evidence offered by the parties and their witnesses at the hearings. We decline to rely upon father's characterizations of that evidence in his brief, or upon the brief descriptions of factual findings contained in some of the orders as an alternative to a proper record.

On appeal, we presume the judgment is correct. (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507.) Because it is father's burden to show error, he had the duty to provide us with a sufficient record in support of his arguments on appeal. (*Ibid.*) His failure to do so with respect to orders 2 through 6 is fatal to his appeal.

*Judicial Bias*

In addition to the arguments set forth above, father contends the trial judge was biased and should be recused. As discussed above, father's only alleged basis for bias is the trial court's various rulings against him, which he contends were erroneous. But we find no error in those rulings, and again even erroneous adverse rulings do not constitute judicial bias. (*People v. Avila, supra*, 46 Cal.4th at p. 696.)

We do have the authority to direct the case be assigned to a different judge in the interests of justice. (Code Civ. Proc., § 170.1, subd. (c).) But this power "should be 'used sparingly.'" (*In re Marriage of Walker* (2012) 203 Cal.App.4th 137, 153.)

Our review of the record reveals the trial judge has been more than fair to father and has shown extraordinary patience in handling this litigation for more than a

decade.  Nothing in the record suggests the trial judge will be anything but fair in the future.  The interests of justice would not be served by reassigning the case.

## DISPOSITION

The postjudgment orders are affirmed.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.

9