Filed 2/5/25  Marriage of Cutrer CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of GOLRIZEH and MARK EDWARD CUTRER. | |
| GOLRIZEH CUTRER, Appellant, v. MARK EDWARD CUTRER, Respondent. | G063855 (Super. Ct. No. 21D000524) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Carmen R. Luege, Judge. Affirmed.

Golrizeh Cutrer, in pro. per., for Appellant.

No appearance for Respondent.

Appellant Golrizeh Cutrer appeals from the trial court's denial of her request for an order setting aside the marital settlement agreement (MSA) signed by her and her former spouse, respondent Mark Edward Cutrer.[1] The court held Golrizeh could not challenge the MSA because it had merged into the judgment. The court noted Golrizeh's only possible relief was to set aside the judgment—a motion that was not before the court. Even assuming Golrizeh had filed a motion to vacate the judgment, the court articulated various reasons why it would deny the motion.

On appeal, Golrizeh contends the MSA should be set aside because it was the product of fraud, duress, undue influence, and coercion. She also requests we "execute [a] wage assignment order . . . for spousal support."

We conclude Golrizeh has not met her burden of showing any error. We therefore affirm the order.

## FACTS[2]

In February 2021, Golrizeh filed a petition for dissolution of marriage. In July 2021, the court entered judgment terminating the parties' marital status and reserving jurisdiction on all other issues.

---

[1] As is customary where the parties share a surname, we refer to them by their first names for ease of reading and clarity.

[2] Golrizeh's brief does not include any record citations for the alleged facts. To provide some background, we have identified relevant facts from the record.

## I.

### THE MSA AND SUBSEQUENT JUDGMENT

In March 2022, Golrizeh and Mark entered into the MSA. At a hearing a few weeks later, Golrizeh told the trial court she was forced to sign the MSA and was not represented by counsel when she signed it. Given Golrizeh's testimony, the court scheduled an evidentiary hearing on the validity of the MSA and set a briefing schedule. The court "strongly suggested" Golrizeh retain counsel to assist her in challenging the MSA.

The record on appeal does not include all the parties' briefing on the validity of the MSA. But as of May 2022, Golrizeh was represented by counsel and filed a reply brief, contending the court should set aside the MSA because it was procured by undue influence, coercion, duress, and misrepresentation. Among other things, Golrizeh argued the MSA was not the result of any negotiations, she could not afford counsel to assist with her review of the MSA, and Mark demanded she sign the MSA or he would leave her "penniless and stranded in Murietta" where the MSA was signed. She also claimed Mark "falsely represent[ed] to her that if she signed the MSA, he would immediately pay the past due rent as well as the support ordered by [the] court" in July 2021. She allegedly "did not understand that by signing the MSA she was forgoing on [sic] support, arrears, and was walking away with nothing."

On June 13, 2022, the trial court held an evidentiary hearing.[3] According to the court's minute order, both parties were represented by

---

[3] The record on appeal does not include a reporter's transcript of the June 13, 2022 hearing. On our own motion, we augment the record to include the June 13, 2022 minute order. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

counsel and asked the court to adopt the MSA. Golrizeh was represented by the same counsel who previously argued the MSA should be set aside. The court questioned the parties and found they entered into the MSA "freely, knowingly, and intelligently." The court accordingly adopted the MSA as the order of the court with some modifications.

In July 2022, the trial court entered judgment in accordance with the MSA. The judgment specifically referenced and incorporated the MSA.

## II.

### GOLRIZEH'S REQUEST TO SET ASIDE THE MSA

In August and September 2023, Golrizeh filed, in propria persona, requests for an order to set aside the MSA due to duress, undue influence, and fraud. Among other things, she argued Mark induced her to sign the MSA by fraudulently promising to financially support her. She also claimed she and Mark "held themselves out to be a married couple" until June 2023 when Mark was arrested for threatening to kill her. She "did not know of . . . [Mark's] fraudulent behavior until [he] stopped financially supporting" her in June 2023.

## III.

### THE COURT'S ORDER

After a hearing, the trial court denied Golrizeh's request in February 2024. First, the court ruled Golrizeh could not challenge the MSA based on contract principles because the MSA had merged into and was part of the July 2022 judgment. Second, the court noted Golrizeh could have moved to vacate the judgment pursuant to Family Code section 2122, but she never filed such a motion.

Even if Golrizeh had filed a motion to vacate the judgment, the trial court suggested it would have denied the motion. The court explained

4

the statutory period to file a motion to vacate had expired when Golrizeh filed her request to set aside the MSA, "except for duress which has a two-year statute of limitation from the date of entry of judgment." The court also found Golrizeh "gave up her claims of fraud and duress." According to the court, from April 2022 to May 2022, Golrizeh challenged the MSA due to, inter alia, duress and misrepresentation. But on June 13, 2022, Golrizeh was represented by counsel and "had a complete change of mind." At that time, Golrizeh asked the court to adopt the MSA as the proposed judgment, and the court questioned the parties to ensure they voluntarily entered into the MSA. The court concluded Golrizeh could not "reopen a final judgment with allegations she had the opportunity to litigate prior to the entry of judgment."

Golrizeh timely filed a notice of appeal.

DISCUSSION

Golrizeh contends the MSA should be set aside because she was under duress when she signed it and Mark fraudulently promised to financially support her if she signed the agreement. She also claims Mark promised he would pay court-ordered temporary spousal support, attorney fees, and arrears if she signed the MSA. Finally, she argues her claims are not time-barred because she did not discover Mark's purported fraud until June 2023, when he stopped financially supporting her. Our review of these contentions is hindered by serious deficiencies in Golrizeh's brief and in the record.

A judgment or order of the lower court is presumed correct. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) An appellant has the burden of demonstrating reversible error and must provide legal authority to support its contentions. (*Ibid.*) If an appellant fails to support a point "with reasoned argument and citations to authority, we treat

5

the point as waived." (*Ibid.*) An appellant's opening brief also must "[p]rovide a summary of the significant facts limited to matters in the record" (Cal. Rules of Court, rule 8.204(a)(2)(C))[4] and must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (rule 8.204(a)(1)(C)). We may disregard portions of an appellant's brief that fail to comply with this rule. (*Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392, fn. 2.)

Golrizeh's brief does not comply with these rules. Indeed, she does not provide a single record citation in any portion of her brief. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294 ["we will generally consider only those facts and arguments supported by adequate citations to the record"].) Her brief further omits significant facts referenced by the trial court—i.e., that Golrizeh previously asserted the same challenges to the MSA but later asked the court to adopt the MSA. Finally, Golrizeh's factual summary includes extraneous assertions, such as Mark's alleged drug and alcohol abuse.

Golrizeh also has the burden of providing an adequate record to support her claims of error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Rule 8.120(b) requires an appellant to provide a reporter's transcript, agreed statement, or settled statement for any issue that "requires consideration of the oral proceedings in the superior court." Although the record includes a reporter's transcript for some hearings, it contains no reporter's transcript, agreed statement, or settled statement for the June 13, 2022 hearing at which Golrizeh was represented by counsel and asked the court to adopt the MSA.

---

[4] All further rule references are to the California Rules of Court.

Finally, Golrizeh's brief contains several pages of miscellaneous documents. But a party may not attach copies of exhibits to its brief unless the exhibits are included in the record. (Rule 8.204(d).) Golrizeh fails to direct us to where (if at all) the documents are contained in the clerk's transcript. We are not required to search the record on her behalf to determine whether they were included. (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.) We accordingly refuse to consider the documents attached to Golrizeh's brief and strike any that are not included in the clerk's transcript.

We acknowledge a self-represented litigant's understanding of the rules on appeal is likely to be more limited than that of an experienced appellate attorney. Nevertheless, a self-represented litigant is not entitled to "special treatment." (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524.) Instead, he or she is held to the same standards as a party represented by counsel. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) Given the deficiencies in Golrizeh's brief, we deem the arguments forfeited on the above grounds. (*Brown v. El Dorado Union High School Dist.* (2022) 76 Cal.App.5th 1003, 1021–1022.)

Even assuming no forfeiture, the trial court did not err by denying Golrizeh's request to set aside the MSA. Her claims fail because the MSA became *part of* and was superseded by the judgment and she never complied with the procedural requirements for bringing a motion to vacate the judgment.[5] When an MSA merges into the judgment, neither party has a right of action based on the MSA because the "obligations are not imposed by contract and not enforceable as such." (*In re Marriage of Corona* (2009) 172

---

[5] On appeal, Golrizeh requests we set aside the judgment. We decline to do so given the deficiencies in her brief and because she never filed a motion to vacate the judgment in the trial court.

Cal.App.4th 1205, 1221; see also *In re Marriage of Lynn* (2002) 101 Cal.App.4th 120, 130 [when an MSA is "merged into the judgment of dissolution," "it ceases to have any independent legal significance; the parties' rights and obligations are governed by the judgment alone"].) Moreover, Golrizeh was represented by counsel and challenged the MSA based on undue influence, coercion, duress, and fraud prior to entry of the July 2022 judgment. A few weeks later, she and her counsel appeared at a hearing, reversed course, and asked the court to adopt the MSA. As the court correctly held, Golrizeh gave up her claims and cannot reopen the judgment with allegations she could have litigated before entry of judgment.

## DISPOSITION

The order is affirmed. Respondent shall recover his costs incurred on appeal.

GOODING, J.

WE CONCUR:

MOORE, ACTING P. J.

GOETHALS, J.